# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 1, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MAKAYLAH KELLY, | * | UNPUBLISHED |
| Petitioner, | * | No. 21-827V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

David Charles Richards, Christensen & Jensen, P.C., Salt Lake City, UT, for Petitioner.
Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On February 1, 2021, Makaylah Kelly ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered from postural orthostatic tachycardia syndrome ("POTS") as a result of receiving a human papillomavirus ("HPV") vaccination on February 1, 2018. Petition at Preamble (ECF No. 1). The undersigned issued a decision dismissing the petition on June 26, 2024. Decision dated June 26, 2024 (ECF No. 80).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On January 27, 2025, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Final Award of Fees and Costs ("Pet. Mot."), filed Jan. 27, 2025 (ECF No. 83). Petitioner requests compensation in the amount of $88,281.79, representing $74,234.10 in attorneys' fees and $14,047.69 in costs. Id. at 1. Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Pet. Mot., Tab D. Respondent filed his response on February 7, 2025, stating he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Feb. 7, 2025, at 2 (ECF No. 84). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. David C. Richards, $332.00 per hour for work performed in 2019, $343.00 per hour for work performed in 2020, $352.00 per hour for work performed in 2021, $362.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, and $390.00 per hour for work performed in 2024; and for Mr. Jeffrey D. Enquist, $265.00 per hour for work performed in 2019, $278.00 per hour for work performed in 2020, $292.00 per hour for work performed in 2021, $305.00 per hour for work performed in 2022, $324.00 per hour for work performed in 2023, $340.00 per hour for work performed in 2024, and $354.00 per hour for work performed in 2025. Petitioner also requests rates between $110.00 and $124.00 for work of their counsel's paralegals performed from 2019 to 2024.

The undersigned finds the 2019 to 2024 rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned also finds Mr. Enquist's 2025 rate reasonable and appropriate and will grant the requested rate.[3] Additionally, the undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.[4] Therefore, the undersigned finds no cause to reduce the requested hours or rates.

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and largely supported with appropriate documentation. However, Petitioner's counsel did not provide cost documentation for costs related to research and PACER,[5] which results in a reduction of $246.82.[6]

---

[3] Although Mr. Richards billed time in 2025, he did not do so at his increased 2025 rate. Therefore, the undersigned does not make any finding as to the reasonableness of his 2025 rate.

[4] The undersigned will not deduct Petitioner's fees request for billing entries for noncompensable tasks because she finds the overall amount requested reasonable. However, counsel is warned against billing for preparing documents in the future.

[5] On June 30, 2025, Petitioner filed a status report, indicating "counsel will forgo claiming reimbursement of those costs in the pending fee motion." Petitioner's Status Report, filed June 30, 2025, at 1 (ECF No. 86).

[6] $14.12 + $9.10 + $12.40 + $1.90 + $5.70 + $37.10 + $91.90 + $61.90 + $8.40 +$1.50 + $2.00 +0.80 = $246.82.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $88,034.97, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[7]

**IT IS SO ORDERED.**

                                                **/s/ Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.